## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**Case No. _____**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>ROLEKS GROUP, LLC,<br>ROBERTA GJELOSHAJ, and<br>ALEKSANDER PERVAZA,<br><br>      Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION, AND UNFAIR COMPETITION; DILUTION BY BLURRING**<br><br>**(INJUNCTIVE RELIEF REQUESTED)** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff"), by its attorneys, hereby complains of defendants Roleks Group, LLC, Roberta Gjeloshaj and Aleksander Pervaza (hereinafter collectively the "Defendants"), as follows:

### STATEMENT OF THE CASE

1.      For more than a century, Rolex has worked tirelessly and spent many millions of dollars to carefully build and hone a worldwide reputation as a prestigious luxury watch brand synonymous with high quality, excellent service and exacting standards of performance.  Rolex brings this suit to stop Defendants from deliberately and unlawfully trading upon Rolex's outstanding reputation and willfully diluting its famous ROLEX trademark. Defendants offer to provide and

1

provide real estate brokerage and related services that focus on luxury properties and target an upscale clientele—under the mark ROLEKS.   However, Defendants' ROLEKS mark is identical in sound and nearly identical in appearance to the world famous ROLEX trademark and which Defendants appear to have adopted as their own more than a century after Rolex first registered the ROLEX trademark in the United States.  Rolex asked Defendants to cease and desist from their unlawful free-riding voluntarily and thereby possibly avoid the need for a lawsuit, but Defendants rejected that effort.  As a result, Rolex has brought this lawsuit seeking injunctive relief to put an end to Defendants' unlawful activities, and an award of profits, compensatory damages, and attorneys' fees and costs as a result of Defendants' use of the mark ROLEKS in their business/trade name and advertising and promotion of their services.  As set forth below, Defendants' acts constitute federal trademark infringement, use of a false designation of origin, false description and unfair competition, and dilution by blurring in violation of 15 U.S.C. §§1114, 1125(a), and 1125(c).

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims asserted in this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3.     Defendants are subject to the Court's jurisdiction because they reside and/or do business in this Judicial District and have committed the acts complained

2

of herein in this Judicial District.

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5.     Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 650 Fifth Avenue, New York, New York, 10019.

6.     Upon information and belief, Defendant Roleks Group, LLC ("Roleks Group") is a limited liability company formed under the laws of the State of Florida and is registered to do business in the State of Florida, and lists its principal address as 724 New Wales Ln, Saint Augustine, FL 32092.  According to its website, Roleks Group's office is located at 820 Highway A1A North, Suite E15, Ponte Vedra Beach, FL 32082.

7.     Upon information and belief, Defendant Roberta Gjeloshaj ("Gjeloshaj") is an individual residing at 724 New Wales Ln, Saint Augustine, FL 32092, and is the owner, officer, director, operator and controlling force of Defendant Roleks Group and has committed the tortious acts complained of within this Judicial District.

8.     Upon information and belief, Defendant Aleksander Pervaza ("Pervaza") is an individual residing at 724 New Wales Ln, Saint Augustine, FL

3

32092, and is the owner, officer, director, operator and controlling force of Defendant Roleks Group and has committed the tortious acts complained of within this Judicial District.

9.      Upon information and belief, Defendants are doing business as and through the website found at: https://www.sothebysrealty.com/eng/associate/180-a-df21101817031011173/ro leks-group.

10.      Upon information and belief, Defendants have an established email address at roleksgroup@onesothebysrealty.com through which Defendants conduct their luxury real estate services.

## FACTUAL ALLEGATIONS

### Rolex's Famous Trademarks

11.      Rolex is the exclusive distributor and warrantor of Rolex watches in the United States, all of which bear the ROLEX trademark.

12.      Rolex is responsible for promoting, marketing and selling in interstate commerce throughout the United States high quality Rolex watches, watch bracelets, and related parts (hereinafter referred to as "Rolex Watches").

13.      Rolex is responsible for maintaining control over the quality of Rolex Watches and services in this country.

14.      For many decades, Rolex affiliates have managed and operated large commercial buildings in New York City, Beverly Hills and Dallas, among other

locations in the Unites States, which bear the ROLEX trademark prominently on the outside of those buildings. These companies include, for example, Rolex Realty Company LLC, Rolex California Realty Company LLC and Rolex Texas Realty LLC.

15. Rolex is the owner of the following trademarks and trademark registrations issued by the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| **ROLEX** | 0,101,819 | 1/12/1915 | IC 014 Watches, clocks, parts of watches and clocks, and their cases. |
| **ROLEX** | 4,458,519 | 12/31/2013 | IC 035 Retail store services featuring watches, timepieces, clocks and jewelry. |
| **ROLEX MENTOR & PROTÉGÉ** | 5,180,733 | 4/11/2017 | IC 041 Charitable services, namely, mentoring aspiring artists and musicians nominated and selected for a one-year stipend to be mentored by professionals in the fields of architecture, theater, literature and the visual and performing arts. |
| **ROLEX** *Mentor & Protégé* | 5,122,371 | 1/17/2017 | IC 041 Charitable services, namely, mentoring aspiring artists and musicians nominated and selected for a one-year stipend to be mentored by professionals in |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | the fields of architecture, theater, literature and the visual and performing arts. |
| **ROLEX AWARDS FOR ENTERPRISE** | 4,522,003 | 4/29/2014 | IC 016 Providing recognition and incentives by way of awards to recognize and support pioneering achievement in the advancement of human knowledge and wellbeing. |
|  | 3,260,453 | 7/10/2007 | IC 016 Books and magazines pertaining to the advancement of human knowledge and well-being in the fields of science and medicine, technology and innovation, exploration and discovery, the environment and cultural studies.<br>IC 041 Providing recognition and incentives by way of awards to recognize and support pioneering achievement in the advancement of human knowledge and wellbeing. |
| **THE ROLEX INSTITUTE** | 3,481,226 | 8/5/2008 | IC 036 Financial sponsorship and patronage in the nature of providing grants and financial management of artistic, cultural, educational, philanthropic and scientific programs and activities.<br>IC 41 Education and training services, namely, conducting programs and activities in the nature of classes, seminars and |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | workshops in the fields of arts, culture, education, philanthropy and science. |
|  | 3,312,062 | 10/16/2007 | IC 014 Watches |
| **ROLEX** | 1,753,843 | 2/23/1993 | IC 014 Jewelry |

Hereinafter collectively referred to as the "Rolex Marks."  The individual ROLEX trademark (Reg. No. 101,819), originally registered in 1915, will be hereafter referred to as the "ROLEX trademark."   Correct and true copies of Rolex's federal trademark registrations for the Rolex Marks are attached as **Exhibit 1** and are incorporated herein by reference.

16.    The ROLEX trademark is valid and subsisting and in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

17.    The ROLEX trademark is distinctive and is used to identify high quality products originating with Rolex.

18.    The ROLEX trademark is arbitrary and fanciful and is entitled to the highest level of protection afforded by law.

7

19.     Rolex Watches and watch parts, all bearing the ROLEX trademark, have been sold in the United States for over a century.  Rolex has sold hundreds of millions of such watches in the United States.

20.     Rolex Watches, all bearing the ROLEX trademark, are and have been for nearly 100 years among the most high-quality, durable and sought after watches sold in the United States.   As such, the sales of pre-owned Rolex Watches are also incredibly strong.

21.     For at least the last 20 years, Rolex has been one of the pre-eminent luxury and best-known and most prestigious watch brands in the in the United States. Over the past 10 years, Forbes ranked the Rolex brand within the top 100 most valuable brands in the world.

22.     Rolex has developed valuable goodwill with respect to its ROLEX trademark and the Rolex Marks and created some of the most highly valued brand equity regardless of product or service.

23.     Rolex has spent in excess of $500,000,000 (five hundred million dollars) over the past 10 years to advertise and promote the ROLEX trademark and Rolex Marks in the United States.

24.     Through more than a century of continuous use, sales, distribution, advertising and promotion, the ROLEX trademark for watches and related goods has come to be associated exclusively with Rolex.

8

25.     For many decades, Rolex has sponsored and promoted some of the largest sporting, entertainment, cultural, and charitable events throughout the United States.  Rolex also sponsors events that promote and support a broad array of scientific disciplines and endeavors, an equally wide spectrum of the arts, including dance, film, literature, music, theatre, visual arts, and architecture, and a whole host of non-profit organizations engaged in all manner of public works.  Throughout these events and sponsorships, the ROLEX trademark and/or the Rolex Marks are prominently displayed.

26.     The Rolex brand, the ROLEX trademark and the Rolex Marks have attained extensive public recognition and renown not only in relation to the watch industry but also through supporting and promoting a wide range of philanthropic services and environmental, sporting and cultural events.

27.     As a result of its long, continuous use, and its vast advertising of the ROLEX trademark and the Rolex Marks in connection with not only watches and retail store services featuring watches, but also various sporting, entertainment and charitable events that Rolex sponsors, the ROLEX trademark has become extremely well known and famous.  Because of the notoriety and fame associated with the ROLEX trademark, any use of a sound alike mark bearing a strong similarity to the ROLEX trademark will immediately and exclusively be associated with Rolex.

28.     Based on Rolex's continuous and exclusive use of the ROLEX trademark throughout the United States and worldwide and its extensive advertising, sales and the wide popularity of Rolex products, the ROLEX trademark is famous and became famous well prior to the activities of Defendants complained of herein.

29.     Rolex has gone to great lengths to protect its name and enforce its rights as the exclusive owner of its ROLEX trademark in the United States.

## Defendants' Activities

30.     On or about February 3, 2017, Defendants Gjeloshaj and Pervaza formed a limited liability company in the State of Florida under the name "Rozafa Investments."  The individual Defendants in this case were officers, members, and controlling forces of Rozafa Investments.

31.     From at least 2015 through 2017, Defendants Gjeloshaj and Pervaza advertised, promoted, offered and provided their real estate services under the name ROLEX HOME TEAM while working under or with the real estate firm "Coldwell Banker."  This is a clear use of a mark identical to ROLEX.  See below a screenshot of the ROLEX HOME TEAM advertisement:



32.     A Zillow review posted on April 28, 2017 refers to Defendants Gjeloshaj and Pervaza as the "Rolex Team."  A screenshot of the review is attached as **Exhibit 2** and is incorporated herein by reference.

33.     On or about September 30, 2020, Defendants Gjeloshaj and Pervaza filed or caused to be filed with the Florida Division of Corporations a form that sought to, and did in fact, change the name of Rozafa Investments to "Roleks Group LLC."

34.     On April 10, 2021, Defendants filed an application at the United States Patent and Trademark Office ("USPTO") to register the mark ROLEKS (Serial No.

11

90636784) for use in relation to services in IC 035 and IC 036 in real estate advertising and agency sales, respectively.

35.    Shortly before February 2, 2022, Rolex learned of Defendants' application to register the mark ROLEKS and filed a 90 day request for extension of time to oppose, which the Trademark Trial and Appeal Board ("Board") granted (TTAB Proceeding No. 90636784).

36.    On May 5, 2022, Rolex filed a Notice of Opposition against Defendants' registration for the mark ROLEKS, alleging likelihood of confusion under 15 U.S.C. § 1052(d) and dilution by blurring under 15 U. S. C. § 1125(c)(2) (TTAB Proceeding No. 91276000).

37.    On June 25, 2022, the Board issued a notice of default against Defendants for failing to file an answer to Rolex's opposition and allowing 30 days for Defendants to show cause as to why default judgment should not be entered.

38.    On August 9, 2022, Defendants failed to respond to the notice of default.  The Board subsequently entered a judgment by default on both counts against Defendants, sustained the opposition, and refused the registration of the mark ROLEKS.  A copy of the Board's judgment by default against Defendants is attached as **<u>Exhibit 3</u>** and is incorporated herein by reference.

39.     Despite the judgment sustaining Rolex's Opposition, Defendants adopted and continued to use the ROLEKS mark and the name ROLEKS GROUP as a business/trade name for their real estate services.

40.     On September 19, 2022, Rolex sent Defendants a cease-and-desist letter instructing Defendants to remove the ROLEKS mark from the website, domain name and all social media accounts and cease from advertising, offering their services or conducting their services under the ROLEKS mark or any similarly confusing mark.  A copy of Rolex's cease-and-desist letter to Defendants is attached as **Exhibit 4** and is incorporated herein by reference.

41.     On September 21, 2022, Defendants, through their counsel, responded to Rolex's cease-and-desist with defiance and disagreed with Rolex, stating in substance that Defendants' use of the ROLEKS mark was not unlawful.  A copy of Defendants' response to Rolex is attached as **Exhibit 5** and is incorporated herein by reference.

42.     On September 30, 2022, Defendants' counsel filed a notice of appearance in the previously closed TTAB proceeding, along with a motion to set aside the default judgment that had been entered by the Board against them and sought to file an untimely answer to Rolex's Opposition.

43.     On October 17, 2022, Rolex filed its opposition to Defendants' motion to set aside default judgment and urged the Board to deny that motion.

13

44.     On February 1, 2023, the Board granted Defendants' motion for relief from default judgment.

45.     The mark ROLEKS is identical in sound and nearly identical in appearance to the famous ROLEX trademark.

46.     Defendants use this nearly identical mark to identify their business as the ROLEKS GROUP, a luxury real estate firm associated with First Coast Sotheby's International Realty ("First Coast") and, more broadly, ONE Sotheby's International Realty ("ONE Sotheby's").  Screenshots of Defendants' website at are attached as **Exhibit 6** and are incorporated herein by reference.

47.     Upon information and belief, First Coast is a prestigious realty company that represents clients in Northeast Florida and likens its homes to "art, wine and collectibles."  Screenshots of First Coast's website are attached as **Exhibit 7** and are incorporated herein by reference.

48.     Upon information and belief, ONE Sotheby's, also a prestigious realty company which covers Florida's East Coast and describes itself as "the premier source for luxury real estate," is an affiliate of Sotheby's International Realty Affiliates LLC ("Sotheby's International Realty").  Screenshots of ONE Sotheby's website are attached as **Exhibit 8** and are incorporated herein by reference.

49.     Upon information and belief, Sotheby's International Realty provides "independent brokerages with a powerful marketing and referral program for luxury

listings" and is "designed to connect the finest independent real estate companies to the most prestigious clientele in the world."  Screenshots of Sotheby's International Realty's website are attached as **Exhibit 9** and are incorporated herein by reference.

50.    Sotheby's International Realty's website directly links to and references Sotheby's Auction, which "offers the world's rarest, most exceptional treasures." See **Exhibit 9**.

51.    Upon information and belief, Defendants' real estate services are supported by and rely on the prestige of the businesses of First Coast, ONE Sotheby's and Sotheby's International Realty (hereafter collectively referred to as "Sotheby's Realty Companies").

52.    Defendants advertise their real estate services under the mark ROLEKS in the same journals and publications where Rolex Watches are advertised, and sometimes those ads appear on the same page.   A printout from the Resident Community News, San Marco Edition, Jacksonville community newspaper is attached as **Exhibit 10** and is incorporated herein by reference.

53.    Defendants advertise their real estate services to an international client base, referring to themselves as "global real estate advisors" and using #movetoflorida and #globallyconnected on their social media.   **Exhibit 6**. Screenshots of Defendants' Instagram posts that include such hashtags are attached as **Exhibit 11** and are incorporated herein by reference.

54.     Upon information and belief, Defendants' acts described above are deliberately calculated to confuse, mislead and deceive the public and are performed with full knowledge of Rolex's rights.  These acts constitute willful and deliberate infringement of Rolex's rights in the ROLEX trademark.

55.     Defendants are not now, nor have they ever been, associated, affiliated, or connected with, or endorsed, approved, or sanctioned by Rolex.

56.     Rolex's use, notoriety and fame established in its ROLEX trademark and the Rolex Marks predate any date of first use upon which Defendants can rely for their use of the mark ROLEKS or the ROLEKS GROUP to describe its real estate services.

57.     The mark ROLEKS is substantially similar in sound, appearance and commercial impression to the ROLEX trademark.

58.     Upon information and belief, Defendants selected ROLEKS and the ROLEKS GROUP marks to bring to mind Rolex's famous ROLEX trademark and, among other things, the goodwill and reputation for enduring high quality that the Rolex Marks convey.

59.     Regardless of whether Defendants chose to use the mark ROLEKS for this purpose, it is inevitable that the ROLEKS mark will confusingly and falsely call to mind the ROLEX trademark.

60.     The minor differences in the marks will not dispel the likelihood of confusion between the marks.

61.     Defendants' use of a mark that incorporates the term ROLEKS is likely to impair and blur the distinctiveness of the famous ROLEX trademark.

62.     Defendants' use of the ROLEKS and ROLEKS GROUP marks in the manner described above tends to and does create the erroneous impression that Defendants' services emanate or originate from Rolex, and/or that said services are authorized, sponsored, affiliated or approved by Rolex, even though they are not. This confusion causes irreparable harm to Rolex and the ROLEX trademark.

63.     Upon information and belief, Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain.  Furthermore, Defendants have unfairly benefited and profited from Rolex's outstanding reputation as a prestigious, high quality luxury brand and its significant advertising and promotion of the Rolex trademark.

64.     Upon information and belief, Rolex has suffered irreparable harm and damages as a result of Defendants' conduct.

65.     Upon information and belief, Defendants' acts will continue unless enjoined by this Court.

66.     Rolex has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

67.    Rolex hereby incorporates by reference paragraphs 1-66 as though fully set forth herein.

68.    Defendants' use of the mark ROLEKS in their business/trade name and to advertise their services is nearly identical in sound, sight and commercial impression to Rolex's ROLEX trademark and therefore likely to cause consumer confusion or mistake.

69.    Defendants' activities described above are done with the intent to confuse and deceive the public into believing that the services they offer are sponsored, affiliated or associated with Rolex, when they are not.

70.    Defendants' activities as described above constitute use in commerce of a copy or colorable imitation of the ROLEX trademark in a manner which is likely to cause confusion and mistake in the minds of the public, and to deceive and mislead the public, in violation of 15 U.S.C. § 1114.

71.    Defendants' acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, False Description and Unfair Competition, 15 U.S.C. § 1125(a))

72.     Rolex hereby incorporates by reference paragraphs 1-66 as though fully set forth herein.

73.     In connection with Defendants' business/trade name and promotion of their services, Defendants' use of the mark ROLEKS is confusingly similar to the ROLEX trademark in interstate commerce.

74.     Rolex exclusively has used the ROLEX trademark for more than 100 years and has invested many millions of dollars in the advertising and publicizing its mark. As such, Rolex has created a reputation as the originator of prestigious and high quality goods.

75.     Defendants' use of a colorable imitation or copy of the ROLEX trademark in their business/trade name and the promotion of their services is likely to deceive, mislead and confuse customers as to the origin, sponsorship, association or approval by Rolex of Defendants' services.

76.     Defendants' use of a colorable imitation or copy of the ROLEX trademark is done with full knowledge of the falsity of such affiliation and sponsorship of Defendants and their services.

77.     Defendants' use of a colorable imitation or copy of the ROLEX trademark constitutes false descriptions and representations tending falsely to

19

describe or represent Defendants and their services as being authorized, sponsored, affiliated or associated with Rolex.

78.     Defendants' use of a mark similar to the ROLEX trademark is done in a manner which is likely to mislead the public and trade upon the reputation of Rolex by misappropriating the valuable trademark rights of Rolex.

79.     Defendants' acts constitute use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent their services as those of Rolex's in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendants' acts constitute unfair competition under federal law.

81.     Defendants' acts are causing and continue to cause irreparable harm to Rolex regarding its loss of control over its reputation and goodwill.  Plaintiff has no adequate remedy at law, unless and until Defendants' actions are enjoined.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution by Blurring, 15 U.S.C. §1125(c))**

82.     Rolex hereby incorporates by reference paragraphs 1-66 as though fully set forth herein.

83.     On or about as early as 2015, and prior to Defendants' use of their present mark ROLEKS, Defendants Gjeloshaj and Pervaza used the mark ROLEX HOME TEAM to identify their real estate services.

20

84.     Long before Defendants' use of their mark ROLEKS, Plaintiff's ROLEX trademark had been used in the United States for nearly a century and had long become famous to identify luxury goods and services.

85.     Defendants' use of the mark ROLEKS as described above, which is highly similar looking and identical sounding to the ROLEX trademark, constitutes Defendants' commercial use of a mark substantially similar to the ROLEX trademark.

86.     The ROLEX trademark is inherently distinctive.

87.     The ROLEX trademark is recognized throughout the United States and worldwide as a symbol of quality, luxury, success and value.

88.     Defendants' use of a highly similar looking and identical sounding mark constitutes dilution by blurring and impairs the distinctiveness of the ROLEX trademark.  Unless restrained, Defendants' use will continue to dilute the distinctive quality of Plaintiff's famous mark by destroying and blurring the exclusive association between the ROLEX trademark and Plaintiff's products and services and/or by lessening the ability for consumers to exclusively identify Plaintiff with its merchandise and services.

89.     Defendants' acts described above are diluting the distinctive quality of the ROLEX trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

90.    Defendants' acts were done with full knowledge and awareness of Plaintiff's famous trademark and reputation.

91.    Rolex is suffering and will continue to suffer irreparable harm from Defendants' dilutive activities, without any adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Rolex respectfully requests that the Court enter judgment in Rolex's favor on all claims against Defendants and that the Court award the following relief:

I.    That the Court enter an injunction permanently enjoining and restraining Defendants, their employees, agents, officers, directors, members, attorneys successors, affiliates, subsidiaries, and assigns, and all those in privity or acting in concert with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a.  Using the mark ROLEKS, or any mark similar thereto, specifically but not limited to, in their trade/business name or in any other name or as a trademark to identify any goods or the rendering of any services not authorized by Rolex;

   b.  Using the mark ROLEKS, or any mark similar thereto, in a manner which may injure Rolex's business reputation or weaken the

distinctive quality of the ROLEX trademark and/or Rolex's name, reputation or goodwill;

c.   Using the mark ROLEKS, or any mark similar thereto, in a manner which is likely to cause confusion or tends to falsely describe or represent Defendants' services as being sponsored by or associated or affiliated with Rolex, and from offering such services in commerce;

d.   Using the mark ROLEKS or any mark similar thereto, in a manner that may cause dilution by blurring and/or impairing the distinctiveness of the famous ROLEX trademark;

e.   Using or continuing to use the ROLEKS mark, or any mark similar thereto, or trade names in any variation thereof on Defendants' Websites or anywhere else on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not authorized by Rolex;

f.   Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the ROLEKS mark or any other

mark that infringes or is likely to be confused or associated with Plaintiff's Rolex marks, or any goods or services of Plaintiff, or Plaintiff as their source;

g.   Aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f) above.

II.     Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of their infringement of the ROLEX trademark and to account for all gains, Defendants' profits and advantages derived by Defendants from the promotion and advertising of the ROLEKS mark and that the award to Rolex be trebled as provided for under 15 U.S.C. §1117.

III.    Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. §1117.

IV.    Awarding Rolex a sum that is just under the circumstances as provided for by15 U.S.C. § 1117.

V.     Awarding Rolex all damages caused by, or profits recoverable from, Defendants' acts of unfair competition.

VI.    Awarding Rolex punitive damages as a result of Defendants' acts of unfair competition in an amount sufficient to punish parties of Defendants' net worth.

VII.     Awarding Rolex post-judgment interest on any monetary award made part of the judgment against Defendants.

VIII.    Ordering that, pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

IX.      That Defendants, within thirty (30) days of judgment, file and serve upon Rolex a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

X.       That Defendants immediately remove and change their present name with the Florida Secretary of State.

XI.      That Defendants be required to immediately destroy any and all signs, posters, advertising, promotional, or marketing materials, or supplies used to conduct business within its possession, custody or control that use the ROLEKS trademark;

XII.     Directing Defendants to formally abandon with prejudice any and all of their applications to register the ROLEKS mark or any mark consisting of, incorporating, or containing Plaintiff's Rolex marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry

XIII.     Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of its acts of unfair competition as alleged herein, and to account for all gains, profits and advantages derived by Defendants from their activities, and that the Court finding Defendants to have acted willfully and that the court treble all such monetary damages awarded by the court.

XIV.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

XV.     Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

Dated:  February 1, 2023                    Respectfully submitted,

/s/ *Elizabeth B. Honkonen*
Elizabeth B. Honkonen (FL Bar #0149403)
KENNY NACHWALTER, P.A.
Four Seasons Tower
1441 Brickell Avenue, Suite 1100
Miami, Florida 33131
Telephone:  (305) 373-1000
Email: ebh@knpa.com

*Attorneys for Plaintiff*
ROLEX WATCH U.S.A., INC.

26

-and-

*Of Counsel to Plaintiff:*

GIBNEY, ANTHONY & FLAHERTY, LLP
Jeffrey E. Dupler, Esq. (Pro Hac Vice to be Filed)
Beth Frenchman, Esq. (Pro Hac Vice to be Filed)
Nicollette S. Alvarez (Pro Hac Vice to be Filed)
650 Fifth Avenue
New York, NY 10019
Telephone: (212) 688-5151