UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROLEX WATCH U.S.A, INC.

    Plaintiff,

v.                                    Case No: 3:23-cv-00122-HES-LLL

ROLEKS GROUP, LLC;
ROBERTA GJELOSHAJ; and
ALEKSANDER PERVAZA,

    Defendants.
_____/

## PERMANENT INJUNCTION

This cause comes before this Court on the Parties' "Joint Motion for Entry of Permanent Injunction" (Dkt. 43). The Motion indicates that Plaintiff Rolex Watch U.S.A., Inc. (hereafter "Plaintiff" or "Rolex") and Defendants Roleks Group, LLC, Roberta Gjeloshaj, and Aleksander Pervaza (hereinafter "Defendants") (collectively the "Parties") reached a settlement and accordance with the terms agree to this Court's entry of the Injunction. The Parties have stipulated and agreed as follows:

    1.    This Court has jurisdiction over the subject matter of this action.

    2.    This Court has jurisdiction over Defendants.

3. Plaintiff is engaged in the import, distribution, sale and promotion in interstate commerce of prestigious high-quality, luxury watches all bearing one or more of the ROLEX Registered Trademarks as defined herein.

4. Plaintiff owns the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| ROLEX | 0,101,819 | 1/12/1915 | IC 014 Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX | 4,458,519 | 12/31/2013 | IC 035 Retail store services featuring watches, timepieces, clocks and jewelry. |
| ROLEX MENTOR & PROTÉGÉ | 5,180,733 | 4/11/2017 | IC 041 Charitable services, namely, mentoring aspiring artists and musicians nominated and selected for a one-year stipend to be mentored by professionals in the fields of architecture, theater, literature and the visual and performing arts. |
| ROLEX Mentor & Protégé | 5,122,371 | 1/17/2017 | IC 041 Charitable services, namely, mentoring aspiring artists and musicians nominated and selected for a one-year stipend to be mentored by professionals in the fields of architecture, theater, |

2

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | literature and the visual and performing arts. |
| ROLEX AWARDS FOR ENTERPRISE | 4,522,003 | 4/29/2014 | IC 016 Providing recognition and incentives by way of awards to recognize and support pioneering achievement in the advancement of human knowledge and wellbeing. |
| ⓦ ROLEX *Awards for Enterprise* | 3,260,453 | 7/10/2007 | IC 016 Books and magazines pertaining to the advancement of human knowledge and well-being in the fields of science and medicine, technology and innovation, exploration and discovery, the environment and cultural studies. IC 041 Providing recognition and incentives by way of awards to recognize and support pioneering achievement in the advancement of human knowledge and wellbeing. |
| THE ROLEX INSTITUTE | 3,481,226 | 8/5/2008 | IC 036 Financial sponsorship and |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | patronage in the nature of providing grants and financial management of artistic, cultural, educational, philanthropic and scientific programs and activities.<br>IC 41 Education and training services, namely, conducting programs and activities in the nature of classes, seminars and workshops in the fields of arts, culture, education, philanthropy and science. |
| | 3,312,062 | 10/16/2007 | IC 014 Watches |
| **ROLEX** | 1,753,843 | 2/23/1993 | IC 014 Jewelry |

The above marks are hereinafter referred to as the "ROLEX Registered Trademarks."

5.  Rolex commenced this action on February 1, 2023, alleging federal trademark infringement under 15 U.S.C. § 1114; false designation of origin,

4

false description and unfair competition under 15 U.S.C. § 1125(a); and federal trademark dilution by blurring under 15 U.S.C. §1125(c).

6.  Defendants offer to provide and do provide real estate brokerage and related services that focus on luxury properties and target an upscale clientele.

7.  Defendants do business as and through the website found at: https://www.sothebysrealty.com/eng/associate/180-a-df21101817031011173/roleks-group and have an established email address at roleksgroup@onesothebysrealty.com through which Defendants conduct their luxury real estate services.

8.  The Parties have entered into a confidential settlement agreement, pursuant to which the Parties have agreed to the entry of this Permanent Injunction, without any admission of wrongdoing by Defendants, or any evidentiary findings by the Court.

Accordingly, it is **ORDERED**:

9.  The Parties' "Joint Motion for Entry of Permanent Injunction" (Dkt. 43) is **GRANTED** and consistent with the stipulation of the Parties, the Court, having considered all pleadings and other documents filed in this action, hereby enters an injunction ordering that Defendants, their officers, directors, shareholders, agents, servants, employees and all other persons in active

concert or participation with Defendants be permanently enjoined and restrained as of the date of this Injunction as follows:

    a. using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify Defendants' services, including, but not limited to, real estate or brokerage services;

    b. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

    c. using a false description or representation, including words or other symbols, tending to falsely describe or represent their services as being those of Rolex or sponsored by or associated with Rolex and from offering such services in commerce;

    d. infringing or diluting the Rolex Registered Trademarks by marketing, advertising, promoting, displaying, offering services or rendering services using the names ROLEKS GROUP, LLC, or "ROLEKS," or using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

    e. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, marketing, offering of services or

      rendering of services in such fashion as to relate or connect, or tend to relate or connect, such services in any way to Rolex;

f. making any statement or representation, or using any false designation of origin or false description, or performing any act, which is likely to lead the trade or public, or individual members thereof, to believe that any services provided by Defendants are in any way associated or connected with Rolex, or are licensed, sponsored, approved or authorized by Rolex; engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademarks, or constituting any weakening of Rolex's name, reputation and goodwill;

g. maintaining or using the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (including but not limited to in the text of a website, as a domain name, on social media, such as an Instagram handle (e.g., @roleksgrouprealestate) or as a handle on X (formerly known as Twitter) (e.g., @RoLeksGroup) or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any services not directly authorized by Rolex; and

    h. Defendants shall not affect any assignments or transfers, form new entities or associations, or utilize any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

10. By no later than January 1, 2024, Defendants shall cease and desist from any and all use of the ROLEKS mark or any mark likely to cause customer confusion, or any mark that sounds or looks like the ROLEX Registered Trademarks or that is likely to cause dilution of the ROLEX Registered Trademarks, including but not limited to:

    a. Any mark that includes the terms "Ro" and "Lex", or any combination of the two; or

    b. Any mark that, when shortened, sounds or looks like the ROLEX Registered Trademarks.

Such prohibition shall apply to all forms of Defendants' communications, advertising, marketing, promotion and media, including, but not limited to, oral communications, email signatures, interior and exterior signage, print ads, business cards, social media, domain names and websites. Nothing in this paragraph 10 shall prohibit Roberta Gjeloshaj and Aleksander Pervaza from including their first names (i.e., "Roberta" or "Aleksander") in any communications, advertising, marketing, promotion and media, including, but

not limited to, oral communications, email signatures, interior and exterior signage, print ads, business cards, social media, domain names and websites.

11. Defendants shall change the name of their real estate business to RG AP Group, LLC, d/b/a RG Luxury Group. Defendants will use this name on all forms of Defendants' communications, advertising, marketing, promotion and media, including, but not limited to, oral communications, email signatures, interior and exterior signage, print ads, business cards, social media, domain names and websites. If Defendants ever decide to further change the name of their business, any such new name must comply with this Injunction and the parties' Settlement Agreement.

12. The Parties shall each bear their own fees and costs on all claims and counterclaims asserted in this action.

13. The Court hereby reserves and retains continuing jurisdiction to enforce the provisions of the Permanent Injunction entered herein and over the Parties hereto for the purpose of enforcing the terms of this Permanent Injunction, as well as the terms of the Parties' underlying settlement agreement.

14. The clerk is directed to terminate all pending motions and close this file.

DONE AND ORDERED in Jacksonville, Florida, this 24th day of January, 2024.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Elizabeth B. Honkonen, Esq.
Beth M. Frenchman, Esq.
Jeffrey E. Dupler, Esq.
Michael Fox Orr, Esq.
Kathleen Crowley, Esq.